FREDERICK PFEIFER CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20944. Promulgated April 10, 1950.

*August C. Flamman, Esq.*, for the petitioner.
*Robert M. Willan, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: Counsel for the petitioner, who advised Pfeifer to carry out the plan outlined in the findings of fact, contends that the payments of $350 a month to the widow of Pfeifer are deductible under section 23 (a) (1) (A) as ordinary and necessary expenses incurred during the taxable year in carrying on its business. He cites *Seavey & Flarsheim Brokerage Co.*, 41 B. T. A. 198. That case is not in point and no case supporting the petitioner's contention has come to our attention. The payments to the widow were not ordinary and necessary expenses of the business of the petitioner. They may have been a part of the cost of the business purchased by the petitioner from Pfeifer, but, if so, they would not be deductible as ordinary and necessary expenses. Cf. *Acer Realty Co.* v. *Commissioner*, 132 Fed. (2d) 512, affirming 45 B. T. A. 333; *Autenreith* v. *Commissioner*, 115 Fed. (2d) 856, affirming 41 B. T. A. 319; *Frank L. Newburger, Jr.*, 13 T. C. 232.

This Court said in *McLaughlin Gormley King Co.*, 11 T. C. 569, a case involving somewhat similar payments:

\* \* \* in the absence of a contract liability, an established pension policy, or a showing that such payments were for past compensation and were reasonable in amount, the payments may not be deducted under section 23 (a).

Here there was no established pension policy and no showing that the payments were for past compensation and were reasonable in amount. They were paid pursuant to a contract, but the contract referred to in the above quotation is one for pension payments arising out of an employment contract, in no way related to any contract for the purchase of property, entered into at arm's length in order to obtain the services of a valuable employee. *Seavey & Flarsheim Brokerage Co., supra.* It is apparent from the findings of fact that the payments to the widow were not pursuant to a contract entered into at arm's length to retain the services of a valuable employee. Pfeifer was still active in the business and he was well and favorably known in that business, but he was 82 or 83 years old, he was in effect dealing with himself, the value of his services is not shown, it is not shown that they exceeded his compensation, and the age of his wife is not shown. The determination of the Commissioner was correct.

*Decision will be entered for the respondent.*